UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

HANY SAMAAN,

                Plaintiff                           COMPLAINT AND DEMAND
                                                               FOR JURY TRIAL

     -against-


VIRTUOSO SOURCING GROUP, LLC,


                Defendant
---------------------------------------------------------x


## I.    <u>PRELIMINARY STATEMENT</u>


1.    Plaintiff, HANY SAMAAN, brings this action for the illegal practices of the above-named Defendant who, used debt collection practices which are prohibited by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in connection with attempts to collect an alleged debt allegedly owed by the Plaintiff.

2.    The Plaintiff seeks statutory damages, attorney fees, costs, and all other relief as deemed appropriate by this Court.


## II.  <u>PARTIES</u>


3.    The Plaintiff is a natural person.

4.    At all times relevant to this Complaint, the Plaintiff was a citizen of, and resided in

Staten Island, Richmond County, New York.

5. At all times relevant to this Complaint, the Defendant Virtuoso Sourcing Group, LLC (VSG) is a corporation existing pursuant to the laws of the State of Colorado, is authorized to do business as a foreign corporation in the State of New York and maintains a principal place of business located at 4500 Cherry Creek Drive South, #500, Glendale, Colorado.

6. The Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

7. The Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### III.  JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1332.

9. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV.  FACTS CONCERNING THE PLAINTIFF

10. The Plaintiff is alleged to be indented to a utility entity doing business as Sprint.

11. The alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. The Plaintiff, at all times relevant to this lawsuit, is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3).

13. The Plaintiff is informed and believes, and on that basis alleges, that sometime prior to October19, 2015, Sprint either directly or through intermediate transactions assigned, placed, transferred, or sold the alleged debt to the Defendant VSG for collection.

14. On October 19, 2015 a male person employed as a debt collector by the Defendant VSG attempted to contact the Plaintiff on his home telephone.

15. At that time the male debt collector spoke with the Plaintiff's brother.

16. The Plaintiff's brother advised the male debt collector that the Plaintiff was not at home at that time.

17. Apparently believing that the Plaintiff's brother was actually the Plaintiff the male debt collector disclosed the Sprint debt to the Plaintiff's brother.

18. The Defendant's collector further advised the Plaintiff's brother that the Defendant would "press charges for fraud."

19. After being advised of the foregoing facts the Plaintiff contacted Sprint directly to complain about the disclosure of his alleged Sprint debt.

20. In response to the Plaintiff's Complaint a supervisor at Sprint advised the Plaintiff that a file would be opened regarding his Complaint.

21. At no time did the male debt collector employed by the Defendant advise the Plaintiff that the conversation could be monitored and/or recorded.

22. At no did the debt collector who called the Plaintiff's brother disclose the identity of the Defendant or the purpose of the telephone call.

## V.  FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

22. Defendant violated 15 U.S.C. § 1692b(2) by disclosing an alleged debt to a person other than the consumer.

23. Defendant violated 15 U.S.C. § 1692d by engaging conduct designed to harass, oppress and abuse a consumer.

24. Defendant violated 15 U.S.C. § 1692(d)(6) by failing to disclose the identity of the Defendant.

25. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of an alleged debt;

26. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect an alleged debt;

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in the favor of the Plaintiff as follows:

(i)     An award of the maximum statutory damages as are allowed pursuant to 15 U.S.C. sec. 1692k(a)(2)(A);

(ii)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(iii)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv)   For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   New York, New York
February 5, 2016

                                  */s/ Robert L. Arleo*
ROBERT L. ARLEO
ROBERT L. ARLEO, ESQ. P.C.
380 Lexington Avenue
New York, NY 10168
Telephone:  (212) 551-1115
Facsimile:  (518) 751-1801

*Attorney for the Plaintiff*